Filed 04/28/21


VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 14-1-21 Wncv

White vs. State of Vermont

## DECISION ON MOTION

Decision on Mr. White's Motion for Stay

In this case, Appellant Patrick White has sought review by this court of the decision of the Commissioner of Motor Vehicles concerning the reimposition of the lifetime revocation of his right to operate motor vehicles.  Mr. White's lifetime revocation initially was imposed in 1999 following conviction of a third or subsequent DUI.  He satisfied the DMV that he had abstained from alcohol for a sufficient time, and his license was reinstated in April 2006.  His reinstatement was conditional.  The hearing examiner at the time imposed a condition in his decision that "petitioner's reinstatement shall be subject to the condition that his revocation will be put back into effect in the event any further investigation reveals a return to the consumption of alcohol or drugs."  Additionally, he was advised through a bulletin sent to him that his reinstatement is "subject to the condition that the total abstinence continues . . . which means no measurable amount of alcohol or drugs may be present in their system."

The DMV took action against Mr. White in 2018 based on evidence that he had consumed alcohol in 2008 and 2014, at which time he had police contact but was not drinking, as well as information from a friend that he drinks occasionally in the house but does not operate a motor vehicle when he does.  He appealed a preliminary decision to a hearing examiner, who took evidence on August 19, 2019 and issued a decision affirming Mr. White's revocation (the reimposition of his lifetime revocation) on November 23, 2020.

Mr. White asks this court to stay his suspension.  The court had suggested the parties attempt to work out some solution following the March status conference.  However, it does not appear that the parties reached any resolution.

"To prevail on a motion for stay, the moving party must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public."  *Gilbert v. Gilbert*, 163 Vt. 549, 560 (1995).  The criteria are flexible in as much as the court may consider varying strengths and weaknesses as to each in determining the necessity of a stay.

Order
14-1-21 Wncv White vs. State of Vermont

The court finds that Mr. White's employment will be affected by license loss and that injury may or may not be irreparable. The court finds generally that people can get by without driving, but it is very hard. Given Mr. White's history of DUI, ending more than 20 years ago, a slight degree of public safety is implicated. However, that is not enough at this point in time for the court to weigh that factor substantially against Mr. White. There are no other parties which will be specifically harmed—the Agency of Transportation's interest is coterminous with that of the public. The most significant factor in this case is Mr. White's likelihood of success on the merits of the case.

The court notes that the language of the total abstinence section of title 23 V.S.A. § 1209a(b) in 2006 was:

> Notwithstanding any other provision of this subchapter, a person whose license has been suspended for three years or more under this subchapter may apply . . . for reinstatement of his or her driving privilege. . . . In the case of a suspension for life, the person shall have completed three years of total abstinence from consumption of alcohol or drugs, or both. . . . If the commissioner . . . is satisfied by a preponderance of the evidence that the applicant has abstained for the required number of years immediately preceding the application and hearing, has successfully completed a therapy program as required under this section and the person appreciates that he or she cannot drink any amount of alcohol and drive safely, the person's license shall be reinstated immediately upon such conditions as the commissioner may impose. If after notice and hearing the commissioner later finds that the person was operating, attempting to operate or in actual physical control of a vehicle while the person's alcohol concentration was 0.02 or more following reinstatement under this subsection, the person's operating license or privilege to operate shall be immediately suspended for the period of the original suspension. A person shall be eligible for reinstatement under this section only once following a suspension for life.

Here, as in other cases, the hearing officer imposed a total abstinence provision which, presumably, was assumed to be permitted under the statute.

Mr. White has pointed out at all opportunities in this case that he has not operated, and was not accused of operating, a motor vehicle with any measurable alcohol in his system. However, the Agency's conditions are not predicated on consumption rather than operation. The obvious question is whether the Agency had authority to so condition Mr. White's license in light of the language of the statute, which specifically uses operation as one of the criteria for revocation of the reinstatement.[1]

---

[1] The current version of the statute supports the Agency's position as it provides, "the person's license or privilege to operate shall be reinstated immediately, subject to the condition that the person's suspension or revocation will be put back in effect in the event any further investigation reveals a return to the consumption of alcohol or drugs and to such additional conditions as the Commissioner may impose."

The same issue came before this court in the case of *Prevost v. Agency of Transportation*, No. 179-4-19 Wncv (Vt. Super. Ct.). In that case, Judge Tomasi held that because there, as here, the driver did not appeal the agency decision which imposed abstinence conditions, the order, defective or not, could not be collaterally attacked. *Prevost* was appealed to the Vermont Supreme Court, which in a three-justice unpublished decision affirmed this court's decision. *Prevost v. AOT*, No. 2020-022, 2020 WL 4037979 (Vt. July 17, 2020).

A similar decision was reached by Judge Tomasi in this court last year as well in *Darrah v. State*, 644-12-19 Wncv (Vt. Super. Ct. July 22, 2020).

While this court has substantial concerns about the effectiveness and fairness of the current system—especially when applied to cases where the offenses and suspensions occurred more than 20 years ago and no operational transgressions have occurred since—the court perceives no effective challenge being launched by Mr. White to the validity of the terms of his conditional licensure, other than his powerful arguments for leniency which this court has no authority to grant. The logic of requiring an appeal of conditions imposed where a petitioner has been successful in obtaining his or her license back, under the circumstances these cases present, particularly in what the court suspects is primarily a self-represented litigant process, is questionable. Nonetheless, the court has not been presented with arguments for not applying the preclusive effect of the prior Agency action. Mr. White's likelihood of success on the merits therefore does not appear to be strong enough to warrant a stay.

Order

The petition for stay is denied.

Robert R. Bent,
Judge

Order
14-1-21 Wncv White vs. State of Vermont